

555

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Martelle McDonald
District Attorney
Big Spring, Texas

Dear Sir:

Opinion No. O-1527
Re: Where a county does not have
a county attorney, may the
district attorney be paid
fees for handling lunacy cases:

Your request for an opinion on the above stated
question has been received by this department.

Your letter reads, in part, as follows:

"The 70th Judicial District of Texas is
composed of five counties, one of which is Glass-
cock County. This County has no County Attorney,
At the last legislature a bill passed conferring
upon the District Court civil and criminal juris-
diction over all cases previously handled by the
County Court. However the County Court retained
its jurisdiction over probate and lunacy matters.

"Prior to my election at District Attorney
I have represented this county in all lunacy
matters for which they have paid me a fee. Since
becoming District Attorney they have requested me,
and I have represented this county in one lunacy
matter since the first of the year, for which they
sent me a fee of $10.00.

"I have this $10.00 and would like to know
what to do with it."

Article 5550, Vernon's Civil Statutes, regard-
ing judicial proceedings in lunacy cases reads, in part,
as follows:

"The cause shall be docketed on the probate docket of the Court in the name of the State of Texas as plaintiff, and the person charged to be insane as defendant. The County Attorney or the District Attorney in counties having no County Attorney, shall appear and represent the State on the hearing, and the defendant shall also be entitled to counsel; and in proper cases the County Judge may appoint counsel for that purpose."

Article 5561, Vernon's Civil Statutes, reads as follows:

"In such cases the officers shall be allowed the same fees as are now allowed for similar services performed in misdemeanor cases, and the jurors shall each be allowed a fee of One ($1.00) Dollar, to be paid out of the estate of the defendant if he have an estate, otherwise by the County on accounts approved by the County Judge."

Article 3912e, Vernon's Civil Statutes, provides:

"No district officer shall be paid by the State of Texas any fees or commission for any service performed by him * * *"

Article 3886f, Vernon's Civil Statutes, reads, in part, as follows:

"Section 1. From and after January 1, 1936, in all Judicial Districts in this State the District Attorney in each such District shall receive from the State as pay for his services the sum of Four Thousand Dollars ($4,000) per year, which said Four Thousand Dollars ($4,000) shall include the Five Hundred Dollars ($500) salary per year now allowed such District Attorneys by the Constitution of this State; providing that in all Judicial Districts in this State composed of two (2) or more counties in one (1) of which such counties there is a city containing the population of not less than ninety thousand (90,000) inhabitants according to the last preceding Federal Census, the District Attorney of

such District shall receive from the State as
pay for his services the sum of Five Thousand
Five Hundred Dollars ($5,500) per year, which
said Five Thousand Five Hundred Dollars ($5,500)
shall include the Five Hundred Dollars ($500)
salary per year now allowed such District Attor-
ney by the Constitution of this State. Such
salary shall be paid in twelve (12) equal month-
ly installments upon warrants drawn by the Comp-
troller of Public Accounts upon the State Treasury.
Provided that nothing in this Act shall be con-
strued so as to deprive District Attorneys of
the expense allowance allowed or which may here-
after be allowed by law.

* * * *

"Sec. 3. All fees, commissions and per-
quisites which may be earned and collected by
District Attorneys affected by this Act shall
be paid into the County Treasury of the Counties
in which such fees are earned for the account
of the proper fund. * * *"

Section 5 of Article 3912e, Vernon's Civil Stat-
utes, provides that:

"It shall be the duty of all officers to
charge and collect in the manner authorized by
law all fees and commissions which are permit-
ted by law to be assessed and collected for all
official service performed by them. * * *"

In view of the foregoing statutes, you are respect-
fully advised that it is the opinion of this department that
a district attorney cannot personally retain the fees paid
for handling lunacy cases. The fee that has been paid to you
as District Attorney in the case mentioned in your inquiry
should be refunded and deposited in the county treasury of
the county paying the same. If the cost of the lunacy pro-
ceeding is paid by or out of the estate of the defendant, the
attorney's fees should be collected as part of the cost and
deposited in the county treasury of the county where the case
is tried. However, when the county pays such costs, it would
be an idle gesture to pay the attorney's fee and then have
the attorney to refund and deposit the fee in the county treas-
ury.

Honorable Martelle McDonald, Page 4


          Trusting that the foregoing fully answers your
inquiry, we remain

                              Yours very truly

                         ATTORNEY GENERAL OF TEXAS

                  By   *Ardell Williams*

                         Ardell Williams
                              Assistant

AW:LM


APPROVE NOV 2, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

